IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:15-CR-00264 |
| | : | |
| v. | : | |
| | : | |
| KYLE EUGENE GORDON | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is Defendant Kyle Eugene Gordon's ("Defendant") *pro se* motion for relief based on *United States v. Davis*, 139 S. Ct. 2319 (2019). (Doc. 74). For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

On November 4, 2015, a federal grand jury returned a 10-count indictment against Defendant. (Doc. 1). As pertinent to the Defendant's motion, the indictment charged him with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846 ("Count 1"), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 9"). On July 27, 2016, pursuant to the terms of a written plea agreement (the "Plea Agreement"), Defendant pleaded guilty to Counts 1 and 9. (Docs. 44, 48). The Court sentenced Defendant to a 75-month term of imprisonment, which consisted of 15 months' imprisonment with respect to Count 1 and 60 months' imprisonment with respect to Count 9, to run consecutively to Count 1. (Doc. 63).

1

On August 5, 2020, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Defendant filed the instant *pro se* motion for relief and appointment of counsel.[1] (Doc. 74). On August 12, 2020, pursuant to Standing Order 19-08[2], the Court appointed the Federal Public Defender's Office to represent Defendant. (Doc. 75). On September 8, 2020, however, the Federal Public Defender's Office filed a Motion to Withdraw as Counsel, which the Court granted on October 19, 2020. (Docs. 76, 77). The Defendant's motion, which the Court considers as filed, is thus ripe for review.

## II.  **STANDARD OF REVIEW**

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on

---

[1] Although not expressly invoked in his *pro se* motion, the Court liberally construes the Defendant's filing as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 based on *Davis*.

[2] Standing Order 19-08 addresses the appointment of counsel in proceedings related to the application of *Davis*.

2

any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b). If the Court determines that the petitioner is entitled to § 2255 relief, it may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b).

### III. DISCUSSION

In his motion, Defendant seemingly seeks to vacate his conviction and consecutive sentence under 18 U.S.C. § 924(c) based on the Supreme Court's holding in *Davis*. (Doc. 74). Under 18 U.S.C. § 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence or drug trafficking crime." As relevant here, § 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act. . . ." The statute further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C.

§ 924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016).

On June 24, 2019, the Supreme Court held that § 924(c)(3)(B)—the residual clause of the definition of a crime of violence—was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). *Davis* did not, however, call into question the validity of a drug trafficking crime as defined under § 924(c)(2)(A). As discussed *supra*, Defendant was convicted under § 924(c)(1)(A) for possessing a firearm in furtherance of a *drug trafficking crime*. (Doc. 63). Accordingly, because the holding in *Davis* has no impact on his § 924(c) conviction, the Court finds that Defendant is not entitled to relief from his conviction and consecutive sentence on Count 9.

## IV.   CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's *pro se* motion for relief under *Davis*. (Doc. 74). The Court will also decline to issue a certificate of appealability, as Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.G. § 2253(c)(2). An appropriate Order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: March 10, 2021